PAUL L. REIN, Esq. (SBN 43053)
PATRICIA BARBOSA, Esq. (SBN 125865)
JULIE MCLEAN, Esq. (SBN 215202)
LAW OFFICES OF PAUL L. REIN
200 Lakeside Dr., Suite A
Oakland, CA 94612
(510) 832-5001

Attorneys for Plaintiff
ANDI MILLARD

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| ANDI MILLARD, | CASE NO. |
| | Civil Rights |
| Plaintiff, | |
| v. | **COMPLAINT FOR INJUNCTIVE** |
| | **RELIEF AND DAMAGES:** |
| COMFORT INN; CHOICE HOTELS | **DENIAL OF CIVIL RIGHTS OF** |
| INTERNATIONAL, INC.; CHIRAG | **A DISABLED PERSON IN** |
| INVESTMENT COMPANY; and | **VIOLATION OF THE** |
| DOES 1-20; COUNTRY INN MOTEL; | **AMERICANS WITH** |
| COUNTRY INN and SUITES by | **DISABILITIES ACT OF 1990,** |
| CARLSON, INC.; CESANO, INC.; and | **AND IN VIOLATION OF** |
| DOES 21-40; BEST WESTERN INN; | **CALIFORNIA'S DISABLED** |
| BEST WESTERN INTERNATIONAL, | **RIGHTS STATUTES** |
| INC.; LAWRENCE G. | |
| RENTSCHLER; and DOES 41-60, | |
| Inclusive, | **DEMAND FOR JURY TRIAL** |
| Defendants. | |
| _____/ | |

Plaintiff ANDI MILLARD complains of defendants COMFORT

INN; CHOICE HOTELS INTERNATIONAL, INC.; CHIRAG INVESTMENT

COMPANY; and DOES 1-20; COUNTRY INN MOTEL; COUNTRY INN and

SUITES by CARLSON, INC.; CESANO, INC.; and DOES 21-40; BEST

WESTERN INN; BEST WESTERN INTERNATIONAL, INC.; LAWRENCE G.

RENTSCHLER; and DOES 41-60, Inclusive, (hereinafter "defendants"), and

demands a trial by jury, and alleges as follows:

//

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES   -1-   S:\SLR\COMFORT INN\PLEADINGS\COMFORT INN.CMP.wpd

**INTRODUCTION**

1.     Plaintiff ANDI MILLARD is a physically disabled wheelchair-using person who was denied accessible accommodation as a prospective guest at the Comfort Inn, located at 1561 W. El Camino Real, Mountain View, California, which is owned and operated by defendants COMFORT INN; CHOICE HOTELS INTERNATIONAL, INC.; CHIRAG INVESTMENT COMPANY; and DOES 1-20; the Country Inn Motel, located at 4345 El Camino Real, Palo Alto, California, which is owned and operated by defendants COUNTRY INN MOTEL; COUNTRY INN and SUITES by CARLSON, INC.; CESANO, INC.; and DOES 21-40; and the Best Western Inn, located at 2300 W. El Camino Real, Mountain View, California, which is owned and operated by defendants BEST WESTERN INN; BEST WESTERN INTERNATIONAL, INC.; LAWRENCE G. RENTSCHLER; and DOES 41-60.  Plaintiff was denied full and equal access rights to use of the public facilities at the three referenced motels, including motel registration facilities, common areas, guest rooms, and parking places.  Because each set of defendants failed to provide any accessible guestroom accommodations usable by disabled persons to accommodate plaintiff's physical disabilities and requirements for use of a wheelchair; failed to provide proper accessible or van accessible parking; and failed to comply with existing federal and California laws protecting disabled persons against architectural barriers and facilities discrimination, plaintiff was denied her rights under federal and California law.  On information and belief, any guestrooms that defendants have represented to be "handicapped accessible" are not properly accessible for use by physically disabled persons, according to federal and state accessibility standards, and failed to include properly accessible restroom facilities.  Because defendants failed to provide  properly accessible facilities in violation of both federal and California legal requirements, plaintiff suffered violation of her Civil Rights to full and equal access, was embarrassed and humiliated, and suffered statutory and general

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES     -2-     S:\SLR\COMFORT INN\PLEADINGS\COMFORT INN.CMP.wpd

1  damages. Plaintiff seeks injunctive relief requiring provision of access under the

2  Americans With Disabilities Act of 1990, §308(a), and injunctive relief and

3  damages under California law.

4  　　　　2.　　Each of the defendants has by their actions and failure to take action

5  owned and maintained a public facility in a manner which violated the Civil Rights

6  of persons with physical disabilities: At all times herein mentioned, defendants

7  failed to provide "full and equal access" as required by law. Defendants

8  maintained and continue to maintain motels and facilities which illegally deny full

9  and equal access to plaintiff and other physically disabled persons who use

10  wheelchairs by failing to have any properly configured accessible guestrooms and

11  other motel facilities, including accessible paths of travel and accessible parking,

12  although such facilities are available to and usable by non-disabled persons. The

13  acts and omissions of all defendants, and each of them, combined to cause the

14  damages to plaintiff asserted herein.

15  　　　　3.　　Plaintiff ANDI MILLARD is a "physically handicapped" or

16  "physically disabled" person, hemiplegic due to a stroke, who requires the use of a

17  motorized wheelchair for mobility. Plaintiff wishes to return to stay as a guest at

18  each of the Motels, especially when she visits family in the Mountain View area,

19  but cannot do so until these facilities are made accessible and barriers to disabled

20  access are removed in the manner described herein.

21  　　　　4.　　Defendants were required by law to provide accessible guestrooms

22  and other motel facilities and amenities on each occasion that any new

23  construction, per §§ 19955ff California Health & Safety Code, or "alterations,

24  structural repairs or additions" were performed to such facilities pursuant to legal

25  standards then in effect, per §19959 California Health & Safety Code. Further,

26  defendants fail to provide properly configured and located disabled accessible and

27  van accessible parking spaces at each of the subject Motels, and no accessible

28  route between the office, the parking and any accessible guestrooms. All such

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES　　　－3－　　　S:\SLR\COMFORT INN\PLEADINGS\COMFORT INN.CMP.wpd

1  accessible facilities were required under California law and were also required

2  under the "readily achievable" standards of §301(9) and §302 of Title III of the

3  Americans With Disabilities Act of 1990.

4       5.    Plaintiff seeks damages for the continuing violations of her Civil

5  Rights; plaintiff also requests that this Court grant injunctive relief, requiring the

6  defendants to comply with both California and United States laws requiring access

7  for the physically disabled so long as defendants continue to own and/or operate

8  these Motels and related amenities as public facilities.

9

10  **JURISDICTION AND VENUE**

11       6.    This Court has jurisdiction of this action pursuant to 28 U.S.C. 1331

12  for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. 12101, et

13  seq.  Pursuant to pendant jurisdiction, attendant and related causes of action,

14  arising from the same facts, are also brought under California law, including but

15  not limited to violations of California Health & Safety Code §§ 19955 et seq.,

16  including §19959; Title 24 California Code of Regulations; and California Civil

17  Code §§ 54 and 54.1, et seq.

18       7.    Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is

19  founded on the fact that the real property which is the subject of this action is

20  located in this district and that plaintiff's causes of action arose in this district.

21       8.    The case should be assigned to the San Jose intradistrict as the real

22  property which is the subject of this action is located in the San Jose intradistrict

23  and plaintiff's causes of action arose in the San Jose intradistrict.

24

25  **PARTIES**

26       9.    Plaintiff ANDI MILLARD is a qualified "physically handicapped" or

27  "physically disabled" person who suffers from the effects of hemiplegia, and

28  requires the use of a wheelchair for mobility; she drives a specially equipped van

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES     −4−     S:\SLR\COMFORT INN\PLEADINGS\COMFORT INN.CMP.wpd

1   with disabled license plates, and is qualified to use disabled and van-accessible

2   parking spaces.

3         10.     Plaintiff is informed and believes that the Comfort Inn is owned and

4   operated by COMFORT INN; CHOICE HOTELS INTERNATIONAL, INC.;

5   CHIRAG INVESTMENT COMPANY; and DOES 1-20, and each of these

6   defendants is the agent, ostensible agent, alter ego, master, servant, employer,

7   employee, representative, franchiser, franchisee, joint venturer, partner, associate,

8   parent company, subsidiary, department, representative, agency, agent, or such

9   similar capacity, of each of the other defendants, and was at all times acting and

10  performing, or failing to act or perform, within the course and scope of his, her or

11  its authority as agent, ostensible agent, alter ego, master, servant, employer,

12  employee, representative, franchiser, franchisee, joint venturer, partner, associate,

13  parent company, subsidiary, department, representative, agency, agent, or such

14  similar capacity, and with the authorization, consent, permission or ratification of

15  each of the other defendants, and is responsible in some manner for the acts and

16  omissions of the other defendants in proximately causing the violations and

17  damages complained of herein, and have approved or ratified each of the acts or

18  omissions of each other defendant, as herein described.  Plaintiff is informed and

19  believes that the Country Inn Motel is owned and operated by COUNTRY INN

20  MOTEL; COUNTRY INN and SUITES by CARLSON, INC.; CESANO, INC.;

21  and DOES 21-40, and that each of these defendants is the agent, ostensible agent,

22  alter ego, master, servant, employer, employee, representative, franchiser,

23  franchisee, joint venturer, partner, associate, parent company, subsidiary,

24  department, representative, agency, agent, or such similar capacity, of each of the

25  other defendants, and was at all times acting and performing, or failing to act or

26  perform, within the course and scope of his, her or its authority as agent, ostensible

27  agent, alter ego, master, servant, employer, employee, representative, franchiser,

28  franchisee, joint venturer, partner, associate, parent company, subsidiary,

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES      –5–      S:\SLR\COMFORT INN\PLEADINGS\COMFORT INN.CMP.wpd

1   department, representative, agency, agent, or such similar capacity, and with the

2   authorization, consent, permission or ratification of each of the other defendants,

3   and is responsible in some manner for the acts and omissions of the other

4   defendants in proximately causing the violations and damages complained of

5   herein, and have approved or ratified each of the acts or omissions of each other

6   defendant, as herein described.  Plaintiff is informed and believes that the Best

7   Western Inn is owned and operated by BEST WESTERN INN; BEST WESTERN

8   INTERNATIONAL, INC.; LAWRENCE G. RENTSCHLER; and DOES 41-60,

9   and that each of these  defendants is the agent, ostensible agent, alter ego, master,

10  servant, employer, employee, representative, franchiser, franchisee, joint venturer,

11  partner, associate, parent company, subsidiary, department, representative, agency,

12  agent, or such similar capacity, of each of the other defendants, and was at all

13  times acting and performing, or failing to act or perform, within the course and

14  scope of his, her or its authority as agent, ostensible agent, alter ego, master,

15  servant, employer, employee, representative, franchiser, franchisee, joint venturer,

16  partner, associate, parent company, subsidiary, department, representative, agency,

17  agent, or such similar capacity, and with the authorization, consent, permission or

18  ratification of each of the other defendants, and is responsible in some manner for

19  the acts and omissions of the other defendants in proximately causing the

20  violations and damages complained of herein, and have approved or ratified each

21  of the acts or omissions of each other defendant, as herein described.  Plaintiff will

22  seek leave to amend when the true names, capacities, connections, and

23  responsibilities of defendants COMFORT INN; CHOICE HOTELS

24  INTERNATIONAL, INC.; CHIRAG INVESTMENT COMPANY; and DOES 1-

25  20; COUNTRY INN MOTEL; COUNTRY INN and SUITES by CARLSON,

26  INC.; CESANO, INC.; and DOES 21-40; BEST WESTERN INN; BEST

27  WESTERN INTERNATIONAL, INC.; LAWRENCE G. RENTSCHLER; and

28  DOES 41-60, Inclusive, are ascertained.

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES      –6–      S:\SLR\COMFORT INN\PLEADINGS\COMFORT INN.CMP.wpd

11.     At all relevant times, defendants COMFORT INN; CHOICE HOTELS INTERNATIONAL, INC.; CHIRAG INVESTMENT COMPANY; and DOES 1-20; COUNTRY INN MOTEL; COUNTRY INN and SUITES by CARLSON, INC.; CESANO, INC.; and DOES 21-40; BEST WESTERN INN; BEST WESTERN INTERNATIONAL, INC.; LAWRENCE G. RENTSCHLER; and DOES 41-60, Inclusive, were and are the owners, operators, lessors and/or lessees of motels, located in Mountain View and Palo Alto, California, and their facilities (hereinafter sometimes referred to as the "Motels," or the "Buildings"). The Motels' parking facilities, entrances, interior and exterior paths of travel, public restrooms, service counters, guestrooms, and other facilities are each a "public accommodation or facility" subject to the requirements of California Health & Safety Code §19955 et seq. and of the California Civil Code, §§ 54, 54.1, and 54.3.  At all times relevant to this complaint, defendants have held these facilities open to public use.

12.     On information and belief, each such facility has, since July 1, 1970, undergone "alterations, structural repairs, and additions," each of which has subjected the Motels and their public facilities to disabled access requirements per §19959 Health & Safety Code, and since July 1, 1982, per provisions of Title 24 of the California Code of Regulations.

13.     The facilities within each such subject Motel are each a "public accommodation or facility," subject to the requirements of the California Health and Safety Code, §§ 19955, et seq., and of California Civil Code §§ 54, et seq. Such buildings are also "public accommodations" or "commercial facilities" subject to the requirements of §§ 301, 302 and 303 of the Americans with Disabilities Act of 1990 (hereinafter also called the "ADA").

**FACTUAL STATEMENT**

14.     On or about October 24, 2004, plaintiff ANDI MILLARD drove to

LAW OFFICES OF
**PAUL L. REIN**
**200 LAKESIDE DR., SUITE A**
**OAKLAND, CA 94612-3503**
**(510) 832-5001**

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES      −7−      S:\SLR\COMFORT INN\PLEADINGS\COMFORT INN.CMP.wpd

the Mountain View area to visit her adult son.  She could not and cannot stay with her son, because he lives in an apartment house which is not physically accessible for entrance by disabled persons who use wheelchairs.  Plaintiff had not made advance reservations to stay in the Mountain View area because she had expected to visit first with a friend in the Martinez area, but when she had arrived in Martinez she was shocked to learn that her friend had died earlier the same day.  Plaintiff felt the need for the emotional support of her son, and drove to Mountain View to find accessible lodging at the multiple hotels and motels located along El Camino Real in the Mountain View area.  However, when she went to a number of such hotels and motels, she was shocked to learn that many did not have the most basic and legally required physical access for use by physically disabled persons who used wheelchairs, such as plaintiff.

15.    On or about October 24, 2004, plaintiff Andi Millard drove to the Comfort Inn at 1561 W. El Camino Real, Mountain View, California.  She did not see any designated accessible parking spaces and so parked on the street and approached the Comfort Inn on a steep ramp and through the front door of the Motel office.  At the Comfort Inn office plaintiff asked for an accessible guest room with a roll-in shower.

16.    Plaintiff had trouble talking to the employee because there was no lowered portion of the office counter.  Plaintiff was told that the Motel did not have a fully accessible guest room, and did not have any rooms with a "roll-in" shower.  The room that was offered to plaintiff as "accessible" had a bathtub arrangement that plaintiff could not use, was otherwise inaccessible, and had a fragrance that affected plaintiff's asthma.  There also was no van-accessible parking.  Plaintiff indicated that she could not use any of the guestrooms available at the Motel and left down the ramp in front of the Motel office.  This ramp was excessively steep, had a slippery "flagstone" surface, and had no handrails.  As a result, plaintiff lost control of her wheelchair as it slid down the ramp, tried to grab

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES     -8-     S:\SLR\COMFORT INN\PLEADINGS\COMFORT INN.CMP.wpd

1   the adjoining wall to slow herself, and scraped her wrist and forearm on the

2   adjoining wall, suffering personal injuries.  On information and belief, this ramp at

3   the front of the Motel office was exceptionally and illegally steep and dangerous

4   for use by disabled persons.

5          17.   Plaintiff returned to her van and next tried the Best Western Inn, a 73

6   room motel, located at 2300 West El Camino Real, Mountain View.  At the Best

7   Western Inn she saw that there was no proper van-accessible parking and

8   defendants' employee also advised that this Motel had no fully accessible guest

9   rooms with a roll-in shower.

10          18.   Plaintiff returned to her van and tried another motel, the Country Inn

11   Motel, located at 4345 El Camino Real, Palo Alto, California.  When she reached

12   this Motel, she found that she could not properly park as there was no van-

13   accessible parking.  She also saw that the Motel office could apparently only be

14   entered by ascending one or more steps.  She also saw no bell nor other means for

15   communicating with the office.  On information and belief, such Motel also had no

16   fully accessible guest rooms and no guest rooms with a roll-in shower.

17          19.   Plaintiff called or drove to several other motels in the Mountain View

18   area before finally finding a usable and accessible room at another motel.  Her

19   attempts to find an accessible motel room at the Comfort Inn, Best Western

20   Mountain View Motel, and Country Inn Motel, as above described, left plaintiff

21   tired, exhausted, humiliated and emotionally distressed, and, with regard to the

22   Comfort Inn, having suffered personal injuries to her right wrist and forearm, on

23   the only arm that she can use as she is hemiplegic.

24          20.   The "removal" of each of these barriers to use by disabled persons

25   was "readily achievable" under the standards of §301(9) of the Americans With

26   Disabilities Act of 1990 [42 U.S.C. §12181] at all times herein relevant.  The

27   removal of all such barriers was also required by §303 of the ADA [42 U.S.C.

28   §12183] and by California law.

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES     − 9 −     S:\SLR\COMFORT INN\PLEADINGS\COMFORT INN.CMP.wpd

21.    On information and belief, defendants continue to the present date to deny "full and equal access" to plaintiff and to all other disabled persons, in violation of California law, including Health & Safety Code §19955 et seq., Civil Code §§ 54 and 54.1, and Title 24 of the California Code of Regulations (a.k.a. California Building Code). Further, such denial of access to disabled persons also violates the requirements of Title III of the federal Americans With Disabilities Act of 1990, §301, et seq. [42 U.S.C. §12181, et seq.].

22.    On information and belief, defendants' failure to provide access upon making "alterations, structural repairs, or additions" to the Motels and their facilities, is part of defendants' common pattern and practice concerning disabled access. Plaintiff reserves the right to request that this court expand this case into a class action consisting of all disabled persons who seek to be visitors to the Motels, pursuant to §308(a) of the Americans With Disabilities Act of 1990, and Federal Rule of Civil Procedure 23, as appropriate in light of the purposes and objectives of these laws and of this lawsuit.

23.    At all times herein mentioned, defendants knew, or in the exercise of reasonable diligence should have known, that their barriers and practices at the Motels violated disabled access requirements and standards and had a discriminatory affect upon plaintiff and upon other physically disabled persons, but defendants have refused to rectify the violations, and presently continue a course of conduct that discriminates against plaintiff and similarly situated persons.

24.    On information and belief, defendants have violated State and Federal disabled access requirements in other respects at the subject Motel facilities, including the requirements of the Americans With Disabilities Act of 1990, according to proof.

25.    On information and belief, the subject Motels deny full and equal access to disabled persons in other respects due to non-compliance with the requirements of the law from the American Standards Association (as incorporated

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001
COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES      -10-   S:\SLR\COMFORT INN\PLEADINGS\COMFORT INN.CMP.wpd

by §19955 Health and Safety Code); of Title 24 of the California Code of Regulations; of Health & Safety Code §§ 19955, et seq.; and of Civil Code §§ 54 and 54.1, et seq., according to proof.

**FIRST CAUSE OF ACTION:**
**BREACH OF STATUTORY PROTECTIONS FOR PHYSICALLY DISABLED PERSONS**
**(§§ 19955-59 HEALTH & SAFETY CODE; §§ 54, 54.1, 54.3 & 55 CIVIL CODE INCLUDING DISABLED RIGHTS ACTS)**

26.    Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 25 above.

27.    Plaintiff ANDI MILLARD was and is at all times relative to this complaint a "physically disabled" person or "physically handicapped" person under standards as defined by all California statutes using these terms.  Plaintiff is also a "individual with a disability" as defined by §54(b) Civil Code, as well as §3(2) of the Americans With Disabilities Act of 1990, a violation of which Act is incorporated by reference as a separate violation of §§ 54(c) and 54.1(d) California Civil Code. Hereinafter, the words "person with a disability," "physically disabled" and "physically handicapped" are used interchangeably, as these words have similar or identical common usage and legal meaning, but the legislative scheme in Part 5.5 of the Health and Safety Code uses the term "physically handicapped persons" and the Unruh Civil Rights Act, §§54, 54.1, 54.3 and 55, and other statutory measures refer to protection of the rights of "physically disabled persons" or "persons with disabilities."

28.    Health & Safety Code §19955 provides in pertinent part:

(a)  The purpose of this part is to insure that public accommodations or facilities constructed in this state with private funds adhere to the provisions of Chapter 7 (commencing with § 4450) of Division 5 of Title 1 of the Government Code.  For the purposes of this part "public accommodation or facilities" means a building, structure, facility, complex, or improved area which is used by the general public and shall include auditoriums, hospitals, theaters, restaurants, hotels, motels, stadiums, and conventions centers.

LAW OFFICES OF
**PAUL L. REIN**
**200 LAKESIDE DR., SUITE A**
**OAKLAND, CA 94612-3503**
**(510) 832-5001**

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES      -11-      S:\SLR\COMFORT INN\PLEADINGS\COMFORT INN.CMP.wpd

29.     Health and Safety Code §19956, which appears in the same chapter as 19955, provides, in pertinent part: "[a]ll public accommodations constructed in this state shall conform to the provisions of Chapter 7 (commencing with §4450) of Division 5 of Title 1 of the Government Code...."

30.     Sections 19955 and 19956 Health & Safety Code were operative July 1, 1970, and are applicable to all public accommodations constructed or altered after that date.  On information and belief, portions of the subject Motels were constructed and/or altered after July 1, 1970, and portions of the subject buildings were structurally remodeled, altered and have undergone structural repairs or additions after July 1, 1970.  Such construction required such building and its public accommodation facilities to be subject to the requirements of Part 5.5, §§ 19955, et seq., of the Health and Safety Code, which also requires provision of access upon "alterations, structural repairs or additions" per §19959 Health & Safety Code, or upon a change of occupancy (a form of "alteration").

31.     Pursuant to the authority delegated by Government Code §4450, et seq., the State Architect promulgated regulations for the enforcement of these provisions. Effective January 1, 1982, Title 24 of the California Administrative Code adopted the California State Architect's Regulations and these regulations must be complied with as to any modifications of the subject buildings occurring after that date.  Any alterations of the buildings after January 1, 1982 required compliance with the Title 24 regulations then in effect, including an accessible path of travel leading to each such facility from the adjoining public right of way.  Prior to 1982, similar requirements were incorporated into the law from regulations of the American Standards Association.  On information and belief, one or more of the constructions of, alterations upon, and modifications of each of the subject facilities occurred during the period of time that sections of the Health and Safety Code have provided that all buildings and facilities used by the public must conform to each of the standards and specifications described in the American Standards Association Specifications, and

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES      -12-   S:\SLR\COMFORT INN\PLEADINGS\COMFORT INN.CMP.wpd

1    as to alterations occurring after January 1, 1982, to the standards of Title 24, the State

2    Architect's Regulations.

3          32.    Plaintiff Andi Millard is informed and believes and therefore alleges that

4    defendants, and their predecessors in interest as owners, operators and/or lessors or

5    lessees of the subject Motels (for which the defendants as current owners, operators

6    and/or lessors and lessees of the buildings are responsible), and each of them, caused

7    the subject properties to be constructed, altered and/or maintained in such a manner

8    that physically disabled persons were denied full and equal access to, within and

9    throughout said facilities, and full and equal use of said buildings.  Further, on

10   information and belief, defendants and each of them have continued to maintain and

11   operate such Motel facilities in such condition up to the present time, despite actual

12   and constructive notice to such defendants, and each of them, that the configuration

13   of the buildings was in violation of the Civil Rights of disabled persons, such as

14   plaintiff ANDI MILLARD.  Such construction, modification, ownership, operation,

15   maintenance and practices of such a public facility is in violation of law as stated in

16   Part 5.5, Sections 19955ff Health and Safety Code, §§ 54 and 54.1, et seq., Civil

17   Code, and elsewhere in the laws of California.

18         33.    At all times relevant to this action, California Civil Code §§ 54 and 54.1

19   has provided that physically disabled persons are not to be discriminated against

20   because of physical handicap or disability. §54 Civil Code provides:

21              Individuals with disabilities shall have the same right as the
           general public to the full and free use of the streets, highways,
22         sidewalks, walkways, public buildings, public facilities, including
           hospitals, clinics, and physicians' offices, public facilities, and
23         other public places.

24   Section 54.1 Civil Code provides that:

25         (a)(1) Individuals with disabilities shall be entitled to full and equal
           access, as other members of the general public, to accommodations,
26         advantages, facilities, medical facilities,... and privileges of all common
           carriers, airplanes, motor vehicles,...or any other public conveyances or
27         modes of transportation, ...  hotels, lodging places, places of public
           accommodation and amusement or resort, and other places to which the
28         general public is invited, subject only to the conditions or limitations

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES     -13-   S:\SLR\COMFORT INN\PLEADINGS\COMFORT INN.CMP.wpd

established by law, or state or federal regulations, and applicable alike to all other persons.

34.     California Civil Code § 54.3 provides that any person or corporation who denies or interferes with admittance to or enjoyment of the public facilities as specified in §§ 54 and 54.1 Civil Code is liable for each such offense for the actual damages and any amount up to a maximum of three times the amount of actual damages but in no case less than $1,000 and such attorney fees that may be determined by the Court in addition thereto, suffered by any person denied any of the rights provided in §§ 54 and 54.1, for services necessary to enforce those rights.

35.     As a result of the refusal by defendants and each of them to comply with statutory requirements or otherwise provide reasonable and legally required access for disabled persons to the subject public facilities, plaintiff ANDI MILLARD, and other similarly situated persons, were denied and continue to be denied their rights to full and equal access to, and use of, the subject public facilities, and were and continue to be discriminated against on the sole basis that they are physically disabled and unable to make full and equal use of the facilities.

36.     Plaintiff is a person within the meaning of Civil Code §§ 54 and 54.1 whose rights have been infringed upon and violated by the defendants.  Plaintiff has been denied full and equal access since the date of her visits on October 24, 2004. On information and belief, defendants have failed to act to provide full and equal public access to their subject Motel facilities, and continue to operate in violation of the law and continue to discriminate against physically disabled persons by failing to allow proper access to and within their buildings and facilities.  At all times since plaintiff's initial visit to each on the Motels of October 24, 2004, and on information and belief for substantial periods of time prior to this date, defendants were on notice of the requirements of the law relating to provision for full and equal disabled access. Especially as defendants were on full notice, each day that defendants have continued to deny access to disabled persons constitutes a new and distinct violation of

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES     -14-   S:\SLR\COMFORT INN\PLEADINGS\COMFORT INN.CMP.wpd

1  plaintiff's right to full and equal access to their public facilities, in violation of §§54

2  and 54.1, et seq. Civil Code.

3      37.    Further, any violation of the Americans With Disabilities Act of 1990 (as

4  pled in the Second Cause of Action hereinbelow, the contents of which are repled and

5  incorporated herein, word for word, as if separately repled), also constitutes a

6  violation of §54(c) and §54.1(d) California Civil Code, thus independently justifying

7  an award of damages and injunctive relief pursuant to California law on this basis,

8  including but not limited to Civil Code §§ 54.3 and 55.

9      38.    Plaintiff has been damaged by defendants' wrongful conduct and seeks

10  the relief that is afforded by §§ 54.1, 54.3 and 55 of the Civil Code.  Plaintiff seeks

11  actual damages, and statutory and treble damages against defendants for all periods

12  of time mentioned herein.  Plaintiff has suffered physical injury, and physical, mental

13  and emotional damages.  As to those of the defendants that currently own, operate,

14  and/or lease (from or to) each of the subject Motels, plaintiff seeks preliminary and

15  permanent injunctive relief to enjoin and eliminate the discriminatory practices and

16  barriers that deny equal access for disabled persons, and for reasonable attorney fees,

17  litigation expenses and costs.

18      39.    On information and belief, the subject Motel facilities and the defendants

19  and each of them have denied full and equal access to disabled persons in other

20  respects due to non-compliance with requirements of Title 24 of the California Code

21  of Regulations, and of other provisions of disabled access legal requirements.

22  Additionally, maintaining the barriers specified in this complaint is independently a

23  violation of both Title 24 of the California Building Code, and of §§ 54 and 54.1 Civil

24  Code and their guarantee of "full and equal" access to all public facilities (as pled in

25  the second cause of action, and also repled and incorporated herein by reference, as

26  if fully restated hereafter), in conjunction with §§19955ff Health & Safety Code, per

27  Donald v. Café Royale, (1990) 218 Cal.App.3d 168.

28      40.    Injunctive Relief - The acts and omissions of defendants as complained

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES    -15-    S:\SLR\COMFORT INN\PLEADINGS\COMFORT INN.CMP.wpd

1   of continue on a day-to-day basis to have the effect of allowing defendants to

2   wrongfully exclude plaintiff, and other similarly situated members of the public who

3   are physically disabled, from full and equal access to the subject Motels.  Such acts

4   and omissions are the continuing cause of humiliation and mental and emotional

5   suffering to plaintiff and other similarly situated persons in that these actions treat

6   them as inferior and second class citizens and serve to discriminate against them, so

7   long as defendants do not provide properly accessible, safe and equal use of such

8   facilities.  Said acts have proximately caused and will continue to cause irreparable

9   injury to plaintiff if not enjoined by this court.

10      41.     Plaintiff seeks injunctive relief, pursuant to §19953 Health and Safety

11  Code and §55 Civil Code, prohibiting those of the defendants that currently own,

12  operate, and/or lease (from or to) the subject Motels, from maintaining architectural

13  barriers to the use by disabled persons of public accommodations and facilities, in

14  violation of Part 5.5, §§ 19955ff Health and Safety Code.  Plaintiff seeks to require

15  such defendants to create safe and properly accessible facilities.

16      42.     Attorney Fees - As a result of defendants' acts and omissions in this

17  regard, plaintiff has been required to incur legal expenses and hire attorneys in order

18  to enforce plaintiff's rights and that of other similarly situated persons, and to enforce

19  provisions of the law protecting access for the disabled and prohibiting discrimination

20  against the disabled, and to take such action both in her own interest and in order to

21  enforce an important right affecting the public interest.  Plaintiff therefore seeks

22  recovery of all reasonable attorney fees, litigation expenses and costs incurred,

23  pursuant to the provisions of §1021.5 of the Code of Civil Procedure.  Plaintiff

24  additionally seeks attorney fees and costs pursuant to §19953 Health and Safety Code.

25      43.     WHEREFORE, plaintiff asks this Court to enjoin any continuing refusal

26  by the defendants that currently own, operate, and or lease (from or to) the subject

27  Motels, to grant such access to plaintiff and other similarly situated disabled persons,

28  or alternatively to enjoin operation of each of the subject Motels as a public

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES      -16-   S:\SLR\COMFORT INN\PLEADINGS\COMFORT INN.CMP.wpd

1   accommodation, until such defendants comply with all applicable statutory

2   requirements relating to access to physically disabled persons, and that the Court

3   award statutory attorney fees, litigation expenses and costs pursuant to Civil Code

4   §55, Code of Civil Procedure §1021.5, and Health & Safety Code §19953, and as

5   further prayed for herein.

6           WHEREFORE, plaintiff prays for damages and injunctive relief as

7   hereinafter stated.

8

9                   **SECOND CAUSE OF ACTION:**
                **VIOLATION OF UNRUH CIVIL RIGHTS ACT**
10          **CALIFORNIA CIVIL CODE SECTIONS 51 AND 52,**
                   **ON THE BASIS OF DISABILITY**
11

12          44.     Plaintiff repleads and incorporates by reference, as if fully set forth again

13   herein, the factual allegations contained in Paragraphs 1 through 43, above, and

14   incorporates them herein by reference as if separately repled hereafter.

15          45.     At all times herein mentioned, the Unruh Civil Rights Act, California

16   Civil Code §51(b), provided that:

17          All persons within the jurisdiction of this state are free and equal, and no
            matter what their sex, race, color religion, ancestry, national origin,
18          disability or medical condition are entitled to the full and equal
            accommodations, advantages, facilities, privileges, or services in all
19          business establishments of every kind whatsoever.

20   Per §51(f),

21          A violation of the right of any individual under the Americans With
            Disabilities Act of 1990 (Public Law 101-336) shall also constitute a
22          violation of this section.

23          46.     Plaintiff suffered damages as above described as a result of defendants'

24   violation of California Civil Code §§ 51(b) and 51(f) in multiple regards, including but

25   not limited to violations of the ADA, as described in the Third Cause of Action, *infra*,

26   the contents of which cause of action is incorporated herein as if separately repled.

27   California Civil Code §52(a) provides that each such violation entitles plaintiff to "the

28   actual damages, and any amount that may be determined by a jury, or a court sitting

LAW OFFICES OF
**PAUL L. REIN**
**200** LAKESIDE DR., SUITE A
OAKLAND, CA **94612-3503**
**(510) 832-5001**

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES      -17-    S:\SLR\COMFORT INN\PLEADINGS\COMFORT INN.CMP.wpd

1   without a jury, up to a maximum of three times the amount of actual damage but in no

2   case less than four thousand dollars ($4,000), and any attorney's fees that may be

3   determined by the court in addition thereto..."

4          WHEREFORE, plaintiff prays for damages and injunctive relief as

5   hereinafter stated.

6

### THIRD CAUSE OF ACTION:
7
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990
## 42 USC § 12101ff
8

9         47.   Plaintiff repleads and incorporates by reference, as if fully set forth again

10   herein, the factual allegations contained in Paragraphs 1 through 46 above.

11         48.   Pursuant to law, in 1990 the United States Congress made findings per

12   42 U.S.C. §12101 regarding physically disabled persons, finding that laws were

13   needed to more fully protect "some 43 million Americans with one or more physical

14   or mental disabilities;" that "historically society has tended to isolate and segregate

15   individuals with disabilities;" that "such forms of discrimination against individuals

16   with disabilities continue to be a serious and pervasive social problem;" that "the

17   Nation's proper goals regarding individuals with disabilities are to assure equality of

18   opportunity, full participation, independent living and economic self sufficiency for

19   such individuals;" and that "the continuing existence of unfair and unnecessary

20   discrimination and prejudice denies people with disabilities the opportunity to

21   compete on an equal basis and to pursue those opportunities for which our free society

22   is justifiably famous..."

23         49.   Congress stated as its purpose in passing the Americans with Disabilities

24   Act (42 USC §12101(b)):

25       It is the purpose of this act –

26          (1) to provide a clear and comprehensive national mandate for the
        elimination of discrimination against individuals with disabilities;
27

28          (2) to provide clear, strong, consistent, enforceable standards
        addressing discrimination against individuals with disabilities;

LAW OFFICES OF
**PAUL L. REIN**
**200** LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
**(510) 832-5001**

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES    -18-    S:\SLR\COMFORT INN\PLEADINGS\COMFORT INN.CMP.wpd

(3) to ensure that the Federal government plays a central role in enforcing the standards established in this act on behalf of individuals with disabilities; and

(4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and to regulate commerce, in order to address the major areas of discrimination faced day to day by people with disabilities.

50.     As part of the Americans with Disabilities Act, Public Law 101-336, Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (42 USC 12181ff).  Among "private entities" which are considered "public accommodations" for purposes of this title were "an inn, hotel, motel, or other place of lodging." (§301(7)(A) [42 U.S.C. §12181].)

51.     Pursuant to §302 [42 USC §12182], "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation."

52.     Among the general prohibitions of discrimination were included, in §302(b)(1)(A):

§302(b)(1)(A)(i): "DENIAL OF PARTICIPATION.   -- It shall be discriminatory to subject an individual or class of individuals on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements, to a denial of the opportunity of the individual or class to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity."

§302(b)(1)(A)(ii): "PARTICIPATION IN UNEQUAL BENEFIT -- It shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or  accommodation that is not equal to

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES     -19-   S:\SLR\COMFORT INN\PLEADINGS\COMFORT INN.CMP.wpd

that afforded to other individuals."

§302(b)(1)(A)(iii): "SEPARATE BENEFIT. -- It shall be discriminatory to provide an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements with a good, service, facility, privilege, advantage, or accommodation that is different or separate from that provided to other individuals, unless such action is necessary to provide the individual or class of individuals with a good, service, facility, privilege, advantage, or accommodation, or other opportunity that is as effective as that provided to others."

53.    Among the specific prohibitions against discrimination were included:

§302(b)(2)(A)(ii): "A failure to make reasonable modifications in policies, practices or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities...;"

§302(b)(2)(A)(iii): "A failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden;"

§302(b)(2)(A)(iv): "A failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities... where such removal is readily achievable;"

§302(b)(2)(A)(v): "Where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable." The acts and omissions of defendants set forth herein were in violation of plaintiff's rights under the ADA,

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES        -20-    S:\SLR\COMFORT INN\PLEADINGS\COMFORT INN.CMP.wpd

Public Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36ff.

54.    The removal of each of the barriers complained of by plaintiff ANDI MILLARD as hereinabove alleged were - at all times on or after January 26, 1992 - "readily achievable" under the standards of the Americans With Disabilities Act of 1990.

55.    Further, at all times herein mentioned, modification of or removal of these barriers was "readily achievable" under the factors specified in the Americans with Disabilities Act of 1990, including but not limited to §301(9) [42 U.S.C. §12181], and the Regulations adopted thereto.

56.    Further, if defendants are able to "demonstrate" that it was not "readily achievable" for defendants to remove each of such barriers, defendants have failed to make the required services available through alternative methods which were readily achievable, as required by §302 of the ADA [42 U.S.C. §12182].

57.    "Discrimination" is further defined under §303(a)(2) of the ADA, for a facility or part thereof that was altered after the effective date of §303 of the ADA in such a manner as to affect or that could affect the usability of the facility or part thereof by persons with disabilities, to include per §303(a)(2) [42 U.S.C. 12183], "a failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs." Additionally, for alterations to areas of a facility involving a "primary function," discrimination under the ADA, per §303(a)(2) (42 U.S.C. §12183), also includes the failure of an entity "to make the alterations in such a manner that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities." On information and belief, defendants have, since the date of enactment of the ADA, performed alterations (including alterations to areas of primary function) to the subject buildings, and their facilities, public accommodations, and commercial facilities,

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001
COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES      -21-   S:\SLR\COMFORT INN\PLEADINGS\COMFORT INN.CMP.wpd

1   which fail to provide facilities and paths of travel to such areas that are readily

2   accessible to and usable by individuals with disabilities, in violation of section

3   303(a)(2), and the regulations promulgated thereunder, 28 CFR Part 36ff.

4       58.    Pursuant to the Americans with Disabilities Act, 42 USC 12188ff, §308,

5   plaintiff is entitled to the remedies and procedures set forth in §204, subsection (a),

6   of the Civil Rights Act of 1964 (42 USC 2000a-3, at subsection (a)), as plaintiff is

7   being subjected to discrimination on the basis of disability in violation of this title or

8   has reasonable grounds for believing that she is about to be subjected to

9   discrimination in violation of §§ 302 and 303.  On information and belief, defendants

10  have continued to violate the law and deny the rights of plaintiff and of other disabled

11  persons to access these public accommodations since plaintiff ANDI MILLARD's

12  visits on October 24, 2004.  Pursuant to §308(a)(2), "[i]n cases of violations of

13  §302(b)(2)(A)(iv)... injunctive relief shall include an order to alter facilities to make

14  such facilities readily accessible to and usable by individuals with disabilities to the

15  extent required by this title."

16      59.    As a result of defendants' acts and omissions in this regard, plaintiff has

17  been required to incur legal expenses and attorney fees, as provided by statute, in

18  order to enforce plaintiff's rights and to enforce provisions of the law protecting

19  access for disabled persons and prohibiting discrimination against disabled persons.

20  Plaintiff therefore seeks recovery of all reasonable attorney fees, litigation expenses

21  (including expert consultant and expert witness fees) and costs, pursuant to the

22  provisions of section 505 of the ADA (42 U.S.C. 12205) and the Department of

23  Justice's regulations for enforcement of Title III of the ADA (28 CFR 36.505).

24  Additionally, plaintiff's lawsuit is intended not only to obtain compensation for

25  damages to plaintiff, but also to require the defendants to make their facilities

26  accessible to all disabled members of the public, justifying "public interest" attorney

27  fees pursuant to the provisions of California Code of Civil Procedure §1021.5.

28      WHEREFORE, plaintiff prays that this Court grant relief as hereinafter stated:

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001
COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES    -22-   S:\SLR\COMFORT INN\PLEADINGS\COMFORT INN.CMP.wpd

## **PRAYER**

WHEREFORE, plaintiff prays for an award and relief as follows:

1.     That those of the defendants that currently own, operate, and or lease (from or to) each of the subject Motels be preliminarily and permanently enjoined from operating and maintaining the public facilities of this Motel as public accommodations, so long as disabled persons are not provided full and equal access to the accommodations and facilities, in violation of provisions of §§ 54, 54.1, and 55 et seq., of the Civil Code, §§ 19955 et seq. Health & Safety Code, § 4450, et seq. Government Code, the American Standard Specifications (A117.1-1961), or such other standards, including those of the State Architect's Regulations for Handicapped Access, as found in Title 24 of the California Code of Regulations or other regulations as are currently required by law; and that defendants be ordered to come into compliance with the Americans with Disabilities Act of 1990, including an order that those of the defendants that currently own, operate, and/or lease (from or to) each of the subject Motels, *inter alia*, "alter the subject facilities to make such facilities readily accessible to and usable by individuals with disabilities," and institute reasonable modifications in policies and practices, per §308 of Public Law 101-336 (the ADA);

2.     That plaintiff be awarded general, compensatory, and statutory damages, and all damages as afforded by Civil Code §§ 52 and 54.3, including treble damages, for each violation, as determined by the Court, for which defendants have denied to plaintiff equal access for the disabled, according to proof.

3.     Attorney fees, litigation expenses and costs pursuant to §§ 52, 54.3 and 55 of the Civil Code, §19953 Health & Safety Code, §1021.5 Code of Civil Procedure, and §505 of the ADA;

4.     For all costs of suit;

5.     Prejudgment interest pursuant to §3291 of the Civil Code;

6.     Such other and further relief as the Court may

LAW OFFICES OF
**PAUL L. REIN**
**200** LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
**(510) 832-5001**

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES     -23-     S:\SLR\COMFORT INN\PLEADINGS\COMFORT INN.CMP.wpd

1    deem just and proper.

2

3    Dated: May 20, 2005                    PAUL L. REIN
                                            PATRICIA BARBOSA
4                                           JULIE MCLEAN
                                            LAW OFFICES OF PAUL L.  REIN
5

6
                                            _____
7                                           Attorneys for Plaintiff
                                            ANDI MILLARD
8

9

10                    **DEMAND FOR JURY TRIAL**

11        Plaintiff hereby demands a jury for all claims for which a jury is permitted.

12

13   Dated: May 20, 2005                    PAUL L. REIN
                                            PATRICIA BARBOSA
14                                          JULIE MCLEAN
                                            LAW OFFICES OF PAUL L.  REIN
15

16
                                            _____
17                                          Attorneys for Plaintiff
                                            ANDI MILLARD
18

19

20        **CERTIFICATION OF INTERESTED ENTITIES OR PARTIES**

21        Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this

22   date, other than the named parties, there is no such interest to report.

23

24   Dated: May 20, 2005                    PAUL L. REIN
                                            PATRICIA BARBOSA
25                                          JULIE MCLEAN
                                            LAW OFFICES OF PAUL L.  REIN
26

27
                                            _____
28                                          Attorneys for Plaintiff
                                            ANDI MILLARD

LAW OFFICES OF
**PAUL L. REIN**
**200** LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
**(510) 832-5001**

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES    -24-    S:\SLR\COMFORT INN\PLEADINGS\COMFORT INN.CMP.wpd