PAUL L. REIN, Esq. (SBN 43053)
PATRICIA BARBOSA, Esq. (SBN 125865)
JULIE MCLEAN, Esq. (SBN 215202)
LAW OFFICES OF PAUL L. REIN
200 Lakeside Dr., Suite A
Oakland, CA 94612
Tel: (510) 832-5001
Fax: (510) 832-4787

Attorney for Plaintiff:
ANDI MILLARD

FILED

MAY 1 1 2006

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

ANDI MILLARD,

    Plaintiff,

v.

COMFORT INN; CHOICE HOTELS INTERNATIONAL, INC.; CHIRAG INVESTMENT COMPANY; and DOES 1-20; COUNTRY INN MOTEL; LAURIE GRETZ-TINKER, JULIE MACEY, LINDA MAHER, AND JAMES GRETZ dba C & G PARTNERS; CESANO, INC.; and DOES 21-40; BHUPENDRA B. PATEL AND SHANKUN PATEL dba BEST WESTERN MOUNTAIN VIEW INN and BEST WESTERN INTERNATIONAL, INC.; and DOES 41-60, Inclusive,

    Defendants
_____/

CASE NO. C05-2113 RMW
<u>Civil Rights</u>

**CONSENT DECREE AS TO COMFORT INN ONLY**

### CONSENT DECREE AND ORDER

1. Plaintiff ANDI MILLARD filed a First Amended Complaint in this action on June 10, 2005, to enforce provisions of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 et seq., and California civil

LAW OFFICES OF
PAUL L. REIN
00 LAKESIDE DR., SUITE A
AKLAND, CA 94612-3503
(510) 832-5001

Consent Decree as to Comfort

1  rights laws against Defendants, COMFORT INN; CHOICE HOTELS
2  INTERNATIONAL, INC.; CHIRAG INVESTMENT COMPANY; and DOES 1-20;
3  COUNTRY INN MOTEL; LAURIE GRETZ-TINKER, JULIE MACEY, LINDA
4  MAHER, AND JAMES GRETZ dba C & G PARTNERS; CESANO, INC.; and
5  DOES 21-40; BHUPENDRA B. PATEL AND SHANKUN PATEL dba BEST
6  WESTERN MOUNTAIN VIEW INN and BEST WESTERN INTERNATIONAL, INC.;
7  and DOES 41-60, Inclusive. Plaintiff has alleged that
8  Defendants COMFORT INN; CHOICE HOTELS INTERNATIONAL, INC.; and
9  CHIRAG INVESTMENT COMPANY violated Title III of the ADA and
10 sections 51, 52, 54.1, and 55 of the California Civil Code, and
11 sections 19955 et seq., of the California Health and Safety
12 Code by failing to provide full and equal access to their
13 facilities at the Comfort Inn located at 1561 W. El Camino
14 Real, Mountain View, California, when plaintiff visited the
15 subject facility on October 24, 2004.
16     2.  Defendants COMFORT INN; CHOICE HOTELS INTERNATIONAL,
17 INC.; and CHIRAG INVESTMENT COMPANY; ("Defendants") deny the
18 allegations in the Complaint and by entering into this Consent
19 Decree and Order do not admit liability to any of the
20 allegations in Plaintiff's Complaint filed in this action. The
21 parties hereby enter into this Consent Decree and Order for the
22 purpose of resolving this lawsuit without the need for
23 protracted litigation, and without the admission of any
24 liability.
25
26 **JURISDICTION:**
27     3.  The parties to this consent decree agree that the
28 Court has jurisdiction of this matter pursuant to 28 USC §1331

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503

Consent Decree as to Comfort

for violations of the Americans with Disabilities Act of 1990, 42 USC 12101 *et seq.* and pursuant to supplemental jurisdiction for violations of California Health & Safety Code §19955 *et seq.*, including §19959; Title 24 California Code of Regulations; and California Civil Code §§51; 52; 54; 54.1; §54.3; and 55.

4. In order to avoid the costs, expense, and uncertainty of protracted litigation, the parties to this consent decree agree to entry of this Order to resolve all claims regarding injunctive relief and damages raised in the First Amended Complaint filed with this Court on June 10, 2005. Accordingly, they agree to the entry of this Order without trial or further adjudication of any issues of fact or law concerning plaintiff's claims for injunctive relief or damages.

WHEREFORE, the parties to this consent decree hereby agree and stipulate to the Court's entry of this Consent Decree and Order, which provides as follows:

**SETTLEMENT OF INJUNCTIVE RELIEF:**

5. This Order shall be a full, complete, and final disposition and settlement of Plaintiff's claims against Defendants for injunctive relief and damages that have arisen out of the subject Complaint. The parties agree that there has been no admission or finding of liability or violation of the ADA and/or California civil rights laws, and this Consent Decree and Order should not be construed as such.

6. The parties agree and stipulate that the corrective work will be performed in compliance with the standards and

1 specifications for disabled access as set forth in the
2 California Code of Regulations, Title 24-2 and Americans with
3 Disabilities Act Accessibility Guidelines, unless other
4 standards are specifically agreed to in this Consent and Order:
5     a)    <u>Remedial Measures</u>: The injunctive relief agreed upon
6 by the Parties is attached as **Attachment A** to this Consent
7 Decree, which is incorporated herein by reference as if fully
8 set forth in this document. Defendants agree to undertake all
9 remedial work set forth in **Attachment A**.
10     b)    <u>Timing of Injunctive Relief</u>: Defendants will submit
11 plans for all corrective work to the appropriate building
12 department within 60 [PLR In] days of entry of this consent decree and
13 order by the court, will commence work within 30 days of
14 receiving approval from the building department, and will
15 complete work within 60 [PLR In] days of commencement. In the event
16 that unforeseen difficulties prevent defendants from completing
17 any of the agreed-upon injunctive relief, defendants or their
18 counsel will notify plaintiff's counsel in writing within 30
19 days of discovering the delay. Defendants or their counsel
20 will notify plaintiff's counsel when the corrective work is
21 completed, and in any case will provide a status report no
22 later than 120 days from the entry of this consent decree.
23
24 <u>DAMAGES, ATTORNEY FEES, LITIGATION EXPENSES, AND COSTS:</u>
25     7.    The parties have ~~not~~ reached an agreement
26 regarding plaintiff's claims for damages, attorney fees,
27 litigation expenses and costs: ~~These issues shall be the~~ Defendants will pay $17,500.
28 ~~subject of further negotiation, litigation, and/or motions to~~ for plaintiffs damages, payable in 30 days from today, and $25,000 in attorneys fees, payable in 75 days.

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Consent Decree as to Comfort [PLR] [In]

1 ~~the Court.~~ 

2

3 **ENTIRE CONSENT ORDER:**

    8.  This Consent Order and Attachment A to this Consent Decree, which is incorporated herein by reference as if fully set forth in this document, constitutes the entire agreement between the signing parties on the matters of injunctive relief, and no other statement, promise, or agreement, either written or oral, made by any of the parties or agents of any of the parties, that is not contained in this written Consent Order, shall be enforceable regarding the matters of injunctive relief described herein. This consent decree applies to plaintiff's claims for injunctive relief as to the Comfort Inn only and does not resolve plaintiff's claims for damages, attorney's fees, litigation expenses and costs, or to plaintiff's claims at the other two hotel/motels which are subject to this action, and which shall be the subject of further negotiation and/or litigation.

**CONSENT ORDER BINDING ON PARTIES AND SUCCESSORS IN INTEREST:**

    9.  This Consent Order shall be binding on Plaintiff ANDI MILLARD, Defendants, COMFORT INN; CHOICE HOTELS INTERNATIONAL, INC.; CHIRAG INVESTMENT COMPANY; and any successors in interest. The parties have a duty to so notify all such successors in interest of the existence and terms of this Consent Order during the period of the Court's jurisdiction of this consent decree.

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503

**MUTUAL RELEASE AND WAIVER OF CIVIL CODE SECTION 1542 AS TO INJUNCTIVE RELIEF ONLY:**

10. Each of the parties to this Consent Decree understands and agrees that there is a risk and possibility that, subsequent to the execution of this Consent Decree, any or all of them will incur, suffer, or experience some further loss or damage with respect to the Lawsuit which are unknown or unanticipated at the time this Consent Decree is signed. Except for all obligations required in this Consent Decree, the parties intend that this Consent Decree apply to all such further loss with respect to the Lawsuit, except those caused by the parties subsequent to the execution of this Consent Decree. Therefore, except for all obligations required in this Consent Decree, this Consent Decree shall apply to and cover any and all claims, demands, actions and causes of action by the parties to this Consent Decree with respect to the Lawsuit, whether the same are known, unknown or hereafter discovered or ascertained, and the provisions of Section 1542 of the California Civil Code are hereby expressly waived. Section 1542 provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.

This waiver applies to the injunctive relief aspects of this action in regards to the Comfort Inn only and does not include resolution of plaintiff's claims for damages, attorney fees,

LAW OFFICES OF
PAUL L. REIN
00 LAKESIDE DR., SUITE A
AKLAND, CA 94612-3503
(510) 832-5001

Consent Decree as to Comfort

litigation expenses and costs, or claims for injunctive relief with regard to the other two hotel/motel properties which are subject to this action.

11. Except for all obligations required in this Consent Decree, and exclusive of the referenced continuing claims for damages, statutory attorney fees, litigation expenses and costs, each of the parties to this Consent Decree, on behalf of each, their respective agents, representatives, predecessors, successors, heirs, partners and assigns, releases and forever discharges each other Party and all officers, directors, shareholders, subsidiaries, joint venturers, stockholders, partners, parent companies, employees, agents, attorneys, insurance carriers, heirs, predecessors, and representatives of each other Party, from all claims, demands, actions, and causes of action of whatever kind or nature, presently known or unknown, arising out of or in any way connected with the Lawsuit.

**TERM OF THE CONSENT ORDER:**

12. This Consent Order shall be in full force and effect for a period of twelve (12) months after the date of entry of this Consent Order, or until the injunctive relief contemplated by this Order is completed, whichever occurs later. The Court shall retain jurisdiction of this action to enforce provisions of this Order for twelve (12) months after the date of this Consent Decree, or until the injunctive relief contemplated by this Order is completed, whichever occurs later.

1  **SEVERABILITY:**

2      13. If any term of this Consent Decree and Order is
3  determined by any court to be unenforceable, the other terms of
4  this Consent Decree and Order shall nonetheless remain in full
5  force and effect.

7  **SIGNATORIES BIND PARTIES:**

8      14. Signatories on the behalf of the parties represent
9  that they are authorized to bind the parties to this Consent
10 Decree and Order.  This Consent Decree and Order may be signed
11 in counterparts and a facsimile signature shall have the same
12 force and effect as an original signature.

14 Dated: April 14, 2006

                             _Andi Millard by_
                             _Carl L. Rein with authority of TT_
                             Plaintiff ANDI MILLARD

18 Dated: April 14, 2006

                             X _JCPatel_
                             Defendant COMFORT INN

21 Dated: April 14, 2006

                             X _[signature]_
                             Defendant CHOICE HOTELS INTERNATIONAL, INC.

25 Dated: April 14, 2006

                             X _JCPatel_
                             Defendant CHIRAG INVESTMENT COMPANY

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503

Consent Decree as to Comfort

1  APPROVED AS TO FORM:

2  Dated: April 14, 2006        PAUL L. REIN
3                                PATRICIA BARBOSA
                                  JULIE MCLEAN
4                                 LAW OFFICES OF PAUL L. REIN

5
6                                 _____
                                  Attorneys for Plaintiff
7                                 ANDI MILLARD

8  Dated: April 14, 2006        PHILLIP R. BONOTTO, Esq.
                                  TINA ANN BELL, Esq.
9                                 RUSHFORD & BONOTTO LLP

10
11
                                  X_____
12                                Attorneys for Defendant
                                  CHOICE HOTELS INTERNATIONAL, INC.
13

14  Dated: April 14, 2006       IVAN WEINBERG, Esq.
15                                WEINBERG, HOFFMAN, CASEY & ROPERS

16
17
18                                _____
                                  Attorneys for Defendant
19                                CHIRAG INVESTMENT COMPANY

20                                **ORDER**

21  Pursuant to stipulation, and for good cause shown, **IT IS SO**
22  **ORDERED.**

23
24  Dated: 5/11, 2006            _Ronald M. Whyte_
25                                Hon. Ronald M. Whyte
                                  United States District Judge
26
27
28

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503

Consent Decree as to Comfort Inn:
Case No. C05-2113 RMW

**Attachment A to Consent Decree and Order re: Comfort Inn Only**
**Andi Millard v. Comfort Inn, et al.**
**CASE NO. C05-2113 RMW**
Page 1 of 2

The following injunctive relief is agreed upon between the parties as resolution to plaintiff's claims for injunctive relief as set forth in the First Amended Complaint filed on June 10, 2005. All corrective work will be performed in compliance with the standards and specifications for disabled access as set forth in the California Code of Regulations, Title 24-2 and Americans with Disabilities Act Accessibility Guidelines, unless other standards are specifically agreed to.

1. Parking and Path of Travel from Parking to Lobby Entrance: Defendants will provide two code-compliant accessible parking spaces, one of which must be configured and designated "van accessible," and the spaces must have the required unloading zone as well as a code-compliant path of travel to the lobby entrance. *The existing 2.5% slope on one parking place is acceptable.* (PLR) (IM)

2. Lobby Entrance on Street Side: Defendants will provide an accessible, code-compliant ramp into the lobby entrance. Additionally, the door pressure will be corrected, the required level door landing will be provided, and the door handle will be lowered.

3. Lobby: The knee space under the lowered portion of the check-in counter will be corrected so that it is at least 27" high, 30" wide, and 19" deep. *The alternative is to place a fully code compliant writing desk or table immediately adjacent to the check in counter. As to coffee and juices, Defendants will place sign "Assistance Available Upon Request."* (PLR) (IM)

4. Guestrooms: Defendants will provide two accessible guestrooms which fully comply with all applicable codes, including fully accessible restrooms. *Defendants will supply maximum 5 lb. door pressure, 36" peephole, modified compliant deadbolt, arrange furniture to allow 36" path of travel, + to adjust sign on back of door to 48", bed raised to 27" kneespace; lower shelf and clothes rod to 48"; other changes as per defendant draft #8, with following exceptions: toilet is acceptable as current with addition of back and side grab bar, lowered to 33" height; provide slide bar on shower head; provide one roll-in shower. Adjust height of sink to 27" at 8" back from front of fixture;* (switches, elements and controls;) (PLR) (IM)

5. ~~Public Restroom in Pool Area: The unisex restroom in the pool area is inaccessible in multiple respects, including: lack of level door landing; lack of required signage; excessive threshold height and slope; the toilet is 15 ½" from the wall on center instead of the required 18"; the toilet is too low; the flush valve is on the wrong side of the toilet; insufficient side transfer space, grab bars are too low; insufficient knee space at the sink; twist type hardware on the sink; lack of insulation on the sink's hot water pipes; soap dispenser, mirror, and towel dispensers are mounted too high. All of these barriers will be corrected.~~ *Defendants will make pool restroom available to employees only; if opened to public will be made accessible.* (PLR)

~~Route to Swimming Pool: The route to the pool is excessively steep and does not comply with any of the requirements of a ramp.~~ Defendants will ensure that this route complies with all requirements of an accessible ramp. Further, the gate to the swimming area does not have a smooth ~~uninterrupted push plate on the bottom 10"~~ of the push

**Attachment A to Consent Decree and Order re: Comfort Inn Only**
**Andi Millard v. Comfort Inn, et al.**
**CASE NO. C05-2113 RMW**
**Page 2 of 2**

~~side, as required by code, and the gate has no level landing as required. These barriers will be corrected as well.~~

6. Pool:

    a. <u>Lift</u>: No pool lift is provided to allow disabled persons to enter the pool and Jacuzzi. A pool lift will be provided, and hotel employees trained in its use.

    b. ~~<u>Route Around Pool</u>: The route around the pool is too narrow at several points due to the placement of patio furniture. Defendants will provide and maintain a 36" wide route around the entire perimeter of the pool.~~ (PLR) (In)

    c. <u>Height of Emergency Equipment</u>: The emergency rescue hook and net are mounted too high at 72" and 75", and should be no more than 48" above the finished floor. There is an emergency shutoff valve for the Jacuzzi which is mounted too high and is mounted above a bench. The valve will be relocated so that it is no more than 48" above the finished floor and will have a 30" by 48" clear level floor space in front of it (the bench will be moved and the valve lowered.) *The alternative is to provide this equipment in an accessible location.* (PLR) (In)

    d. <u>Telephone</u>: There is a house telephone in the pool area, which is mounted at 65" on center, which is higher than the 48" ~~48"~~ allowed under the code. The phone will be lowered. (PLR) (In)

    ~~(PLR)~~ e. *The path of travel to the pool shall be resolved in the following way. The existing gate will be relocated to a level area between the equipment room and the fence so it is level. Compliant handrails shall be provided on both sides of the existing walkway and a raised curb or edge treatment shall be provided that extends 2"-3" above the surface of the walk. The walk shall maintain a minimum width of 48" from top to bottom and all cross slopes in excess of 2% shall be removed.* (PLR) (In)