1  PAUL L. REIN, Esq. (SBN 43053)
   PATRICIA BARBOSA, Esq. (SBN 125865)
2  JULIE MCLEAN, Esq. (SBN 215202)
   LAW OFFICES OF PAUL L. REIN
3  200 Lakeside Dr., Suite A
   Oakland, CA 94612
4  Tel: (510) 832-5001
   Fax: (510) 832-4787
5
   Attorney for Plaintiff:
6  ANDI MILLARD

**FILED**

MAY 1 1 2006

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

7

8              UNITED STATES DISTRICT COURT
                NORTHERN DISTRICT OF CALIFORNIA
9

10 ANDI MILLARD,                     CASE NO. C05-2113 RMW
                                     Civil Rights
11        Plaintiff,

12
   v.
13

14 COMFORT INN; CHOICE HOTELS
   INTERNATIONAL, INC.; CHIRAG       **CONSENT DECREE AS TO BEST**
15 INVESTMENT COMPANY; and           **WESTERN ONLY**
   DOES 1-20; COUNTRY INN
16 MOTEL; LAURIE GRETZ-TINKER,
   JULIE MACEY, LINDA MAHER,
17 AND JAMES GRETZ dba C & G
   PARTNERS; CESANO, INC.; and
18 DOES 21-40; BHUPENDRA B.
   PATEL AND SHANKUN PATEL dba
19 BEST WESTERN MOUNTAIN VIEW
   INN and BEST WESTERN
20 INTERNATIONAL, INC.; and
   DOES 41-60, Inclusive,
21
        Defendants
22 _____/

23

24              **CONSENT DECREE AND ORDER**

25        1.   Plaintiff ANDI MILLARD filed a First Amended

26 Complaint in this action on June 10, 2005, to enforce

27 provisions of the Americans with Disabilities Act of 1990

28 ("ADA"), 42 U.S.C. §§ 12101 et seq., and California civil

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Consent Decree as to Best Western:
Case No. C05-2113 RMW            — 1 —            S:\jm\Cases\C\Comfort Inn\pleading\Best Western Consent Decree.doc

1   rights laws against Defendants, COMFORT INN; CHOICE HOTELS

2   INTERNATIONAL, INC.; CHIRAG INVESTMENT COMPANY; and DOES 1-20;

3   COUNTRY INN MOTEL; LAURIE GRETZ-TINKER, JULIE MACEY, LINDA

4   MAHER, AND JAMES GRETZ dba C & G PARTNERS; CESANO, INC.; and

5   DOES 21-40; BHUPENDRA B. PATEL AND SHANKUN PATEL dba BEST

6   WESTERN MOUNTAIN VIEW INN and BEST WESTERN INTERNATIONAL, INC.;

7   and DOES 41-60, Inclusive.  Plaintiff has alleged that

8   Defendants BHUPENDRA B. PATEL AND SHANKUN PATEL dba BEST

9   WESTERN MOUNTAIN VIEW INN and BEST WESTERN INTERNATIONAL, INC.;

10  violated Title III of the ADA and sections 51, 52, 54.1, and 55

11  of the California Civil Code, and sections 19955 *et seq.,* of

12  the California Health and Safety Code by failing to provide

13  full and equal access to their facilities at the Best Western

14  Inn located at 2300 W. El Camino Real, Mountain View,

15  California, when plaintiff visited the subject facility on

16  October 24, 2004.

17      2.   Defendants BHUPENDRA B. PATEL AND SHANKUN PATEL dba

18  BEST WESTERN MOUNTAIN VIEW INN and BEST WESTERN INTERNATIONAL,

19  INC.; ("Defendants") deny the allegations in the Complaint and

20  by entering into this Consent Decree and Order do not admit

21  liability to any of the allegations in Plaintiff's Complaint

22  filed in this action.  The parties hereby enter into this

23  Consent Decree and Order for the purpose of resolving this

24  lawsuit without the need for protracted litigation, and without

25  the admission of any liability.

26

27  **JURISDICTION**:

28      3.   The parties to this consent decree agree that the

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Consent Decree as to Best Western:
Case No. C05-2113 RMW                    — 2 —

1   Court has jurisdiction of this matter pursuant to 28 USC §1331

2   for violations of the Americans with Disabilities Act of 1990,

3   42 USC 12101 *et seq.* and pursuant to supplemental jurisdiction

4   for violations of California Health & Safety Code §19955 *et*

5   *seq.*, including §19959; Title 24 California Code of

6   Regulations; and California Civil Code §§51; 52; 54; 54.1;

7   §54.3; and 55.

8       4.    In order to avoid the costs, expense, and uncertainty

9   of protracted litigation, the parties to this consent decree

10  agree to entry of this Order to resolve all claims regarding

11  injunctive relief and damages raised in the First Amended

12  Complaint filed with this Court on June 10, 2005.  Accordingly,

13  they agree to the entry of this Order without trial or further

14  adjudication of any issues of fact or law concerning

15  plaintiff's claims for injunctive relief or damages.

16      WHEREFORE, the parties to this consent decree hereby

17  agree and stipulate to the Court's entry of this Consent Decree

18  and Order, which provides as follows:

19

20  **SETTLEMENT OF INJUNCTIVE RELIEF:**

21      5.    This Order shall be a full, complete, and final

22  disposition and settlement of Plaintiff's claims against

23  Defendants for injunctive relief and damages that have arisen

24  out of the subject Complaint.  The parties agree that there has

25  been no admission or finding of liability or violation of the

26  ADA and/or California civil rights laws, and this Consent

27  Decree and Order should not be construed as such.

28      6.    The parties agree and stipulate that the corrective

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Consent Decree as to Best Western:
Case No. C05-2113 RMW                    — 3 —

1   work will be performed in compliance with the standards and

2   specifications for disabled access as set forth in the

3   California Code of Regulations, Title 24-2 and Americans with

4   Disabilities Act Accessibility Guidelines, unless other

5   standards are specifically agreed to in this Consent and Order:

6   a)   Remedial Measures: The injunctive relief agreed upon

7   by the Parties is attached as **Attachment A** to this Consent

8   Decree, ~~the access report by plaintiff's consultant Barry~~

9   ~~Atwood,~~ which is incorporated herein by reference as if fully

10   set forth in this document.   Defendants agree to undertake all

11   remedial work (identified as "Remedial Actions") set forth in

12   Attachment A. *Attachment A consists of ① A reference to the Architectural Plans prepared by Defendant Best Western Mountain View lunn; ② Letter of David*

13   b)   Timing of Injunctive Relief:   Defendants will submit

14   plans for all corrective work to the appropriate building

15   department within 60 days of entry of this consent decree and

16   order by the court, will commence work within 30 days of

17   receiving approval from the building department, and will

18   complete work within 60 days of commencement.   In the event

19   that unforeseen difficulties prevent defendants from completing

20   any of the agreed-upon injunctive relief, defendants or their

21   counsel will notify plaintiff's counsel in writing within 30

22   days of discovering the delay.   Defendants or their counsel

23   will notify plaintiff's counsel when the corrective work is

24   completed, and in any case will provide a status report no

25   later than 120 days from the entry of this consent decree.

26

27   **DAMAGES, ATTORNEY FEES, LITIGATION EXPENSES, AND COSTS:**

28   7.   The parties have *have* reached an agreement

LAW OFFICES OF
PAUL J. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3303
(510) 832-5001

Consent Decree as to Best Western:
Case No. C05-2113 RMW                    — 4 —

*[handwritten: in the amount of $15,000.) and]*

1   regarding plaintiff's claims for damages, attorney fees, *[handwritten: $25,000. P days]*

2   litigation expenses and costs, ~~in these issues shall be the~~

3   ~~subject of further negotiation, litigation, and/or motions to~~

4   ~~the court.~~ *[handwritten: Payment will be to "Paul L. Rein in trust,"]*

5   *[handwritten: within 15 days of today. P days the]*

6   **ENTIRE CONSENT ORDER:**

7       8.    This Consent Order and Attachment A to this Consent

8   Decree, which is incorporated herein by reference as if fully

9   set forth in this document, constitutes the entire agreement

10  between the signing parties on the matters of injunctive

11  relief, and no other statement, promise, or agreement, either

12  written or oral, made by any of the parties or agents of any of

13  the parties, that is not contained in this written Consent

14  Order, shall be enforceable regarding the matters of injunctive

15  relief described herein.  This consent decree applies to

16  plaintiff's claims for injunctive relief as to the Best Western

17  only and does not resolve plaintiff's claims for attorney's

18  fees, litigation expenses and costs, or to plaintiff's claims

19  at the other two hotel/motels which are subject to this action,

20  and which shall be the subject of further negotiation and/or

21  litigation. *[handwritten: Plaintiff agrees to dismiss defendant Best]*

22  *[handwritten: Western International, each party to bear its own fees]*

23  *[handwritten: and costs with prejudice —]*
    **CONSENT ORDER BINDING ON PARTIES AND SUCCESSORS IN INTEREST:**

24      9.    This Consent Order shall be binding on Plaintiff ANDI

25  MILLARD, Defendants, BHUPENDRA B. PATEL AND SHANKUN PATEL dba

26  BEST WESTERN MOUNTAIN VIEW INN and BEST WESTERN INTERNATIONAL,

27  INC.; and any successors in interest.  The parties have a duty

28  to so notify all such successors in interest of the existence

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Consent Decree as to Best Western:
Case No. C05-2113 RMW          − 5 −

1   and terms of this Consent Order during the period of the
2   Court's jurisdiction of this consent decree.

3

4   **MUTUAL RELEASE AND WAIVER OF CIVIL CODE SECTION 1542 AS TO**
5   **INJUNCTIVE RELIEF ONLY:**

6       10.   Each of the parties to this Consent Decree
7   understands and agrees that there is a risk and possibility
8   that, subsequent to the execution of this Consent Decree, any
9   or all of them will incur, suffer, or experience some further
10  loss or damage with respect to the Lawsuit which are unknown or
11  unanticipated at the time this Consent Decree is signed.
12  Except for all obligations required in this Consent Decree, the
13  parties intend that this Consent Decree apply to all such
14  further loss with respect to the Lawsuit, except those caused
15  by the parties subsequent to the execution of this Consent
16  Decree. Therefore, except for all obligations required in this
17  Consent Decree, this Consent Decree shall apply to and cover
18  any and all claims, demands, actions and causes of action by
19  the parties to this Consent Decree with respect to the Lawsuit,
20  whether the same are known, unknown or hereafter discovered or
21  ascertained, and the provisions of Section 1542 of the
22  California Civil Code are hereby expressly waived.   Section
23  1542 provides as follows:

24      A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE
25      CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT
26      THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM
27      MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE
28      DEBTOR.

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Consent Decree as to Best Western:
Case No. C05-2113 RMW                    — 6 —

1    This waiver applies to the injunctive relief aspects of this
2    action in regards to the Best Western only and does not include
3    resolution of plaintiff's claims for damages, attorney fees,
4    litigation expenses and costs, or claims for injunctive relief
5    with regard to the other two hotel/motel properties which are
6    subject to this action.

7        11.   Except for all obligations required in this Consent
8    Decree, and exclusive of the referenced continuing claims for
9    damages, statutory attorney fees, litigation expenses and
10   costs, each of the parties to this Consent Decree, on behalf of
11   each, their respective agents, representatives, predecessors,
12   successors, heirs, partners and assigns, releases and forever
13   discharges each other Party and all officers, directors,
14   shareholders, subsidiaries, joint venturers, stockholders,
15   partners, parent companies, employees, agents, attorneys,
16   insurance carriers, heirs, predecessors, and representatives of
17   each other Party, from all claims, demands, actions, and causes
18   of action of whatever kind or nature, presently known or
19   unknown, arising out of or in any way connected with the
20   Lawsuit.

21

22   **TERM OF THE CONSENT ORDER:**

23       12.   This Consent Order shall be in full force and effect
24   for a period of twelve (12) months after the date of entry of
25   this Consent Order, or until the injunctive relief contemplated
26   by this Order is completed, whichever occurs later.  The Court
27   shall retain jurisdiction of this action to enforce provisions
28   of this Order for twelve (12) months after the date of this

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Consent Decree as to Best Western:
Case No. C05-2113 RMW          — 7 —

1   Consent Decree, or until the injunctive relief contemplated by
2   this Order is completed, whichever occurs later.

3

4   **SEVERABILITY**:

5       13.   If any term of this Consent Decree and Order is
6   determined by any court to be unenforceable, the other terms of
7   this Consent Decree and Order shall nonetheless remain in full
8   force and effect.

9

10   **SIGNATORIES BIND PARTIES**:

11       14.   Signatories on the behalf of the parties represent
12   that they are authorized to bind the parties to this Consent
13   Decree and Order.   This Consent Decree and Order may be signed
14   in counterparts and a facsimile signature shall have the same
15   force and effect as an original signature.

16

17   Dated: ~~March~~ April 14, 2006

        _Andi Millard by_
        _Paul L. Rein as Authorized_ —
        Plaintiff ANDI MILLARD

19

20   Dated: ~~March~~ Apr 14, 2006

        as authorized by

        Defendant BHUPENDRA B. PATEL AND
        SHANKUN PATEL dba BEST WESTERN
        MOUNTAIN VIEW INN

24   Dated: ~~March~~ ___, 2006

        _____
        Defendant and BEST WESTERN
        INTERNATIONAL, INC.

28

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Consent Decree as to Best Western:
Case No. C05-2113 RMW                    — 8 —

1 | APPROVED AS TO FORM:

2 | Dated: March 14     2006     PAUL L. REIN
                                PATRICIA BARBOSA
3 |                             JULIE MCLEAN
                                LAW OFFICES OF PAUL L. REIN
4 |

5 |

6 |                             Attorneys for Plaintiff
                                ANDI MILLARD
7 |

8 | Dated: March 14, 2006        DAVID E. BUNIM, Esq.
                                EMI GUSUKUMA, Esq.
9 |                             HAAS & NAJARIAN, LLP

10 |

11 |

12 |

13 |                            Attorneys for Defendants
                                BHUPENDRA B. PATEL AND SHAKUN
14 |                            PATEL dba BEST WESTERN MOUNTAIN
                                VIEW INN; BEST WESTERN
15 |                            INTERNATIONAL, INC.

16 |

17 |                           **ORDER**

18 | Pursuant to stipulation, and for good cause shown, **IT IS SO**

19 | **ORDERED**.

20 |

21 | Dated:  5|11     , 2005     Ronald M. Whyte

22 |                            Hon. Ronald M. Whyte
                                United States District Judge

23 |

24 |

25 |

26 |

27 |

28 |

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Consent Decree as to Best
Western: Case No. C05-2113 RMW

— 9 —
s:\jo\cases\v\ccomfort.in\pleadings\ben.western.consent.decree.doc

LOUIS N. HAAS*
DAVID E. BUNIM*
ROBERT C. NICHOLAS*
LAWRENCE P. BECK
PATRICIA G. ROSENBERG
AARON M. GUMBINGER
MARY G. SANCIMINO
EMI GUSUKUMA
*PROFESSIONAL CORPORATION

## HAAS & NAJARIAN, LLP

A LIMITED LIABILITY LAW PARTNERSHIP INCLUDING PROFESSIONAL
CORPORATIONS
ATTORNEYS AT LAW
SECOND FLOOR
58 MAIDEN LANE
SAN FRANCISCO, CALIFORNIA 94108-5421
TELEPHONE: (415) 788-6330
FAX NO: (415) 391-0555
E-MAIL: email@haasnaja.com

MELVIN K. NAJARIAN
1939-1992

OF COUNSEL
DONALD A. FRIEND
AARON S. MILBERG
HENRY P. WINETSKY

March 13, 2006

3395/008

Paul L. Rein, Esq.
Law Offices of Paul L. Rein
200 Lakeside Drive, Suite A
Oakland, CA 94612

> **Re:** ***Millard v. Comfort Inn, et al.***
> **USDC, Northern District, Case No. C05-02113 RMW**

Dear Mr. Rein:

In accordance with the agreements which were made during the course of the settlement conference among the parties on March 10, 2006, plaintiff and defendants Bhupendra and Shakun Patel dba Best Western Mountain Inn ("Best Western") agree as follows:

Best Western would make the modifications in accordance with the memorandum of March 8, 2005, from Barry Atwood to yourself, which is attached hereto as Exhibit A, with the following modifications and clarifications:

1. Both items designated "1" will be subject to and conditioned upon receiving a variance from the City of Mountain View to eliminate one or more parking spaces in order to assure that there is an accessible route of travel from a complying van-accessible space so that persons with disabilities are not compelled to wheel or walk behind parked cars other than their own. Additionally, to the extent that the parking space must be reconfigured, it is understood that Best Western must be able to accomplish this without causing a vehicle to protrude onto the existing vehicular route of ingress and egress within the premises. [Except as modified by Exhibit B, attached and incorporated herein]

2. Item 16 will be eliminated in its entirety based on the understanding that the doors in question always remain open unless a meeting is in progress.

A Hachment A

## HAAS & NAJARIAN, LLP

Paul L. Rein, Esq.
March 13, 2006
Page 2

3.      Item 17 is acceptable as it currently exists, providing that there is no closer on the door or, alternatively, at Best Western's option, an automatic door-opener is installed.

4.      The height of the counter referred to in item 18 will be adjusted by either lowering the counter or constructing a platform at an elevation of 1-1/2 inches above the existing floor, which is wheel-chair accessible.

5.      Item 20 is acceptable with the following modifications: The placement of the toilet fixture will be moved 1-1/2 inches through the use of an offset flange so that it will be exactly 18 inches on center from the adjacent wall and the shelf above the toilet will be removed. The sink will be moved 4 inches to the right. In all other respects, the bathroom will be deemed acceptable.

Please contact me if you have any comments or questions or if the foregoing does not conform to your understanding. Your courtesy and cooperation, together with that of Mr. Atwood's, are appreciated and have been most helpful in bringing the access issues to a reasonable resolution without any conflict since the inception of this matter.

Very truly yours,

HAAS & NAJARIAN, LLP

David E. Bunim

DEB:csh
Enclosure
N:\CLIENTS\33\3395.008\Rein ltr1.wpd

cc:   Client



# ACCESSIBLE ENVIRONMENTS INC.
## 2530 TENTH STREET, SUITE 2, BERKELEY, CA. 94710
Phone (510) 649-1981
(510) 649-7511                                                           Fax

# M  E  M  O  R  A  N  D  U  M :

To:       Paul Rein

From:     Barry N. Atwood                          Date: March 8, 2006

Subject:   Best Western-Mountain View

On March 8, 2005 , I reviewed the architectural plans produced by Aubrey Moore Jr.
Architect and Associates for the proposed changes to the Best Western on 2300 El
Camino Real in Mountain View, CA  and identified the following lists of areas where
these plans do not meet the minimum requirements of the relevant accessibility codes:

1.   No compliant path of travel is shown between the boundary of the site and the
     entry door to the lobby.
2.   The required signage at the end of the two newly provided accessible parking
     spaces has not been provided.
3.   In the alterations for both room 110 and room 111, the distance between the edge
     of the toilet and the counter for the sink is substantially below the 28" minimum
     required by the code.

     The remainder of these plans appears to comply with the code as far as they go,
however; many items specified in the formal site inspection report dated January 6, 2006
have not been addressed in this document. The following list are the items that remain to
be resolved:

1.   Accessible Route to Building, Path of Travel Behind Parked Cars, page 4.
2.   Primary Entrance, Door Hardware Height, page 5.
3.   Door to Swimming Pool, Push Pressure and Length of Door Landing, page 6.
4.   Lobby, Check-in Counter Height and Coffee Dispenser Height, pages 8-9.
5.   Night Window, Height of Counter and Call Button Height, page 9.
6.   Night Window Telephone Height, page 10.
7.   Entry Door, Room 22, Peephole Height, Interior Security Latch Height, Threshold
     Height and Vertical rise pages 11-12.
8.   Room 22, Light Controls for Bedside Table and on Desk, page 14.
9.   Room 22, Desk Height, page 14.
10.  Room 22, Closet Height of Clothes Rod and Door Hardware, page 15.
11.  Room 22, Air Conditioner/Heater Controls, page 15.
12.  Room 22, Window Hardware and Clear Floor Space for Drapery Pulls, page 16.
13.  Room 22, Bathroom Door Hardware, page 16.

14. Room 22, Bathroom Door Coat Hook, page 17.
15. Room 22, Bathroom Heating Fan Control, page 17.
16. Breakfast Room, Clear Opening of the Door, page 25. — *Doors always opening unless meeting*
17. Breakfast Room, Exterior Door Length of Landing, page 26. *Elec. Shower*
18. Breakfast Room, Height of Counter, page 26. – *attendant*
19. Breakfast Room, Kneespace for Square Tables and Height and Kneespace for Round Tables, page 27.
20. Breakfast Room, Restroom, All Elements pages 27-32. *Restroom configuration 3A*
21. Exercise Room, All Elements, pages 33-34.

If you require additional information related to this inspection or clarification of the deficiencies found in our inspection please feel free to call us at (510) 649-1981.

Sincerely,

*Barry N. Atwood*

Barry N. Atwood
Principal
Accessible Environments Incorporated

1. A fully compliant path of travel between the public sidewalk and the lobby shall be provided, which does not go behind parked cars. If moving the two parking spaces in front of the swimming pool reduces the required minimum width of the drive aisle behind those vehicles, the hotel shall apply ~~with~~ for a variance and provide a path of that is as wide as possible.

→ Exhibit B —