```
PAUL L. REIN, Esq. (SBN 43053)
PATRICIA BARBOSA, Esq. (SBN 125865)
JULIE MCLEAN, Esq. (SBN 215202)
LAW OFFICES OF PAUL L. REIN
200 Lakeside Dr., Suite A
Oakland, CA 94612
Tel: (510) 832-5001
Fax: (510) 832-4787

Attorney for Plaintiff:
ANDI MILLARD
```

**FILED**

MAY 1 1 2006

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

ANDI MILLARD,

    Plaintiff,

v.

COMFORT INN; CHOICE HOTELS INTERNATIONAL, INC.; CHIRAG INVESTMENT COMPANY; and DOES 1-20; COUNTRY INN MOTEL; LAURIE GRETZ-TINKER, JULIE MACEY, LINDA MAHER, AND JAMES GRETZ dba C & G PARTNERS; CESANO, INC.; and DOES 21-40; BHUPENDRA B. PATEL AND SHANKUN PATEL dba BEST WESTERN MOUNTAIN VIEW INN and BEST WESTERN INTERNATIONAL, INC.; and DOES 41-60, Inclusive,

    Defendants
_____/

CASE NO. C05-2113 RMW
Civil Rights

**CONSENT DECREE AS TO COUNTRY INN ONLY**

### CONSENT DECREE AND ORDER

1. Plaintiff ANDI MILLARD filed a First Amended Complaint in this action on June 10, 2005, to enforce provisions of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 et seq., and California civil

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Consent Decree as to Country
Inn: Case No. C05-2113 RMW    — 1 —

rights laws against Defendants, COMFORT INN; CHOICE HOTELS INTERNATIONAL, INC.; CHIRAG INVESTMENT COMPANY; and DOES 1-20; COUNTRY INN MOTEL; LAURIE GRETZ-TINKER, JULIE MACEY, LINDA MAHER, AND JAMES GRETZ dba C & G PARTNERS; CESANO, INC.; and DOES 21-40; BHUPENDRA B. PATEL AND SHANKUN PATEL dba BEST WESTERN MOUNTAIN VIEW INN and BEST WESTERN INTERNATIONAL, INC.; and DOES 41-60, Inclusive. Plaintiff has alleged that Defendants COUNTRY INN MOTEL; LAURIE GRETZ-TINKER, JULIE MACEY, LINDA MAHER, AND JAMES GRETZ dba C & G PARTNERS; and CESANO, INC.; violated Title III of the ADA and sections 51, 52, 54.1, and 55 of the California Civil Code, and sections 19955 et seq., of the California Health and Safety Code by failing to provide full and equal access to their facilities at the Country Inn located at 4345 El Camino Real, Palo Alto, California, when plaintiff visited the subject facility on October 24, 2004.

2. Defendants COUNTRY INN MOTEL; LAURIE GRETZ-TINKER, JULIE MACEY, LINDA MAHER, AND JAMES GRETZ dba C & G PARTNERS; and CESANO, INC.; ("Defendants") deny the allegations in the Complaint and by entering into this Consent Decree and Order do not admit liability to any of the allegations in Plaintiff's Complaint filed in this action. The parties hereby enter into this Consent Decree and Order for the purpose of resolving this lawsuit without the need for protracted litigation, and without the admission of any liability.

**JURISDICTION:**

3. The parties to this consent decree agree that the

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Consent Decree as to Country Inn: Case No. C05-2113 RMW    — 2 —    S:\jm\Cases\C\Comfort Inn\pleadings\Country Inn Consent Decree.doc

1  Court has jurisdiction of this matter pursuant to 28 USC §1331
2  for violations of the Americans with Disabilities Act of 1990,
3  42 USC 12101 et seq. and pursuant to supplemental jurisdiction
4  for violations of California Health & Safety Code §19955 et
5  seq., including §19959; Title 24 California Code of
6  Regulations; and California Civil Code §§51; 52; 54; 54.1;
7  §54.3; and 55.
8       4.   In order to avoid the costs, expense, and uncertainty
9  of protracted litigation, the parties to this consent decree
10 agree to entry of this Order to resolve all claims regarding
11 injunctive relief and damages raised in the First Amended
12 Complaint filed with this Court on June 10, 2005.  Accordingly,
13 they agree to the entry of this Order without trial or further
14 adjudication of any issues of fact or law concerning
15 plaintiff's claims for injunctive relief or damages.
16           WHEREFORE, the parties to this consent decree hereby
17 agree and stipulate to the Court's entry of this Consent Decree
18 and Order, which provides as follows:
19
20 **SETTLEMENT OF INJUNCTIVE RELIEF:**
21      5.   This Order shall be a full, complete, and final
22 disposition and settlement of Plaintiff's claims against
23 Defendants for injunctive relief and damages that have arisen
24 out of the subject Complaint.  The parties agree that there has
25 been no admission or finding of liability or violation of the
26 ADA and/or California civil rights laws, and this Consent
27 Decree and Order should not be construed as such.
28      6.   The parties agree and stipulate that the corrective

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Consent Decree as to Country
Inn: Case No. C05-2113 RMW        — 3 —

1  work will be performed in compliance with the standards and
2  specifications for disabled access as set forth in the
3  California Code of Regulations, Title 24-2 and Americans with
4  Disabilities Act Accessibility Guidelines, unless other
5  standards are specifically agreed to in this Consent and Order:
6      a)   <u>Remedial Measures</u>: The injunctive relief agreed upon
7  by the Parties is attached as **Attachment A** to this Consent
8  Decree, which is incorporated herein by reference as if fully
9  set forth in this document.  Defendants agree to undertake all
10 remedial work set forth in **Attachment A.**
11     b)   <u>Timing of Injunctive Relief</u>:  Defendants will submit
12 plans for all corrective work to the appropriate building
13 department within ~~60~~ [PCR] days of entry of this consent decree and
14 order by the court, will commence work within 30 days of
15 receiving approval from the building department, and will
16 complete work within ~~60~~ [PCR] days of commencement.  In the event
17 that unforeseen difficulties prevent defendants from completing
18 any of the agreed-upon injunctive relief, defendants or their
19 counsel will notify plaintiff's counsel in writing within 30
20 days of discovering the delay.  Defendants or their counsel
21 will notify plaintiff's counsel when the corrective work is
22 completed, and in any case will provide a status report no
23 later than 120 days from the entry of this consent decree.
24
25 **DAMAGES, ATTORNEY FEES, LITIGATION EXPENSES, AND COSTS:**
26     7.   The parties have ~~not~~ reached an agreement
27 regarding plaintiff's claims for damages, attorney fees,
28 litigation expenses and costs.  ~~These issues shall be the~~

[Handwritten annotations: "Defendant Country Inn will pay $15,000 in damages to plaintiff" and "payable to Paul Rein in trust within 15 days of today" and additional handwritten notes regarding attorney fees totaling $40,000]

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Consent Decree as to Country
Inn: Case No. C05-2113 RMW

1  ~~subject of further negotiation, litigation, and/or motions to~~
2  ~~the Court.~~
3
4  **ENTIRE CONSENT ORDER:**
5     8.   This Consent Order and Attachment A to this Consent
6  Decree, which is incorporated herein by reference as if fully
7  set forth in this document, constitutes the entire agreement
8  between the signing parties on the matters of injunctive
9  relief, and no other statement, promise, or agreement, either
10 written or oral, made by any of the parties or agents of any of
11 the parties, that is not contained in this written Consent
12 Order, shall be enforceable regarding the matters of injunctive
13 relief described herein.  This consent decree applies to
14 plaintiff's claims for injunctive relief as to the Country Inn
15 only and does not resolve plaintiff's claims for attorney's
16 fees, litigation expenses and costs, or to plaintiff's claims
17 at the other two hotel/motels which are subject to this action,
18 and which shall be the subject of further negotiation and/or
19 litigation.
20
21 **CONSENT ORDER BINDING ON PARTIES AND SUCCESSORS IN INTEREST:**
22    9.   This Consent Order shall be binding on Plaintiff ANDI
23 MILLARD, Defendants, COUNTRY INN MOTEL; LAURIE GRETZ-TINKER,
24 JULIE MACEY, LINDA MAHER, AND JAMES GRETZ dba C & G PARTNERS;
25 CESANO, INC.;; and any successors in interest.  The parties
26 have a duty to so notify all such successors in interest of the
27 existence and terms of this Consent Order during the period of
28 the Court's jurisdiction of this consent decree.

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Consent Decree as to Country
Inn: Case No. C05-2113 RMW      — 5 —      S:\jm\Cases\C\Comfort Inn\pleadings\Country Inn Consent Decree.doc

**MUTUAL RELEASE AND WAIVER OF CIVIL CODE SECTION 1542 AS TO INJUNCTIVE RELIEF ONLY:**

10. Each of the parties to this Consent Decree understands and agrees that there is a risk and possibility that, subsequent to the execution of this Consent Decree, any or all of them will incur, suffer, or experience some further loss or damage with respect to the Lawsuit which are unknown or unanticipated at the time this Consent Decree is signed. Except for all obligations required in this Consent Decree, the parties intend that this Consent Decree apply to all such further loss with respect to the Lawsuit, except those caused by the parties subsequent to the execution of this Consent Decree. Therefore, except for all obligations required in this Consent Decree, this Consent Decree shall apply to and cover any and all claims, demands, actions and causes of action by the parties to this Consent Decree with respect to the Lawsuit, whether the same are known, unknown or hereafter discovered or ascertained, and the provisions of Section 1542 of the California Civil Code are hereby expressly waived. Section 1542 provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.

This waiver applies to the injunctive relief aspects of this action in regards to the Country Inn only and does not include resolution of plaintiff's claims for damages, attorney fees,

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Consent Decree as to Country Inn: Case No. C05-2113 RMW — 6 —

s:\jm\Cases\C\Comfort Inn\pleadings\Country Inn Consent Decree.doc

litigation expenses and costs, or claims for injunctive relief with regard to the other two hotel/motel properties which are subject to this action.

11. Except for all obligations required in this Consent Decree, and exclusive of the referenced continuing claims for damages, statutory attorney fees, litigation expenses and costs, each of the parties to this Consent Decree, on behalf of each, their respective agents, representatives, predecessors, successors, heirs, partners and assigns, releases and forever discharges each other Party and all officers, directors, shareholders, subsidiaries, joint venturers, stockholders, partners, parent companies, employees, agents, attorneys, insurance carriers, heirs, predecessors, and representatives of each other Party, from all claims, demands, actions, and causes of action of whatever kind or nature, presently known or unknown, arising out of or in any way connected with the Lawsuit.

**TERM OF THE CONSENT ORDER:**

12. This Consent Order shall be in full force and effect for a period of twelve (12) months after the date of entry of this Consent Order, or until the injunctive relief contemplated by this Order is completed, whichever occurs later. The Court shall retain jurisdiction of this action to enforce provisions of this Order for twelve (12) months after the date of this Consent Decree, or until the injunctive relief contemplated by this Order is completed, whichever occurs later.

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Consent Decree as to Country
Inn: Case No. C05-2113 RMW         — 7 —         S:\jm\Cases\C-Comfort Inn\pleadings\Country Inn Consent Decree.doc

**SEVERABILITY**:

13. If any term of this Consent Decree and Order is determined by any court to be unenforceable, the other terms of this Consent Decree and Order shall nonetheless remain in full force and effect.

**SIGNATORIES BIND PARTIES**:

14. Signatories on the behalf of the parties represent that they are authorized to bind the parties to this Consent Decree and Order. This Consent Decree and Order may be signed in counterparts and a facsimile signature shall have the same force and effect as an original signature.

Dated: April 14, 2006

_____
Plaintiff ANDI MILLARD
(Paul Rein with authorization)

Dated: March ___, 2006

_____
Defendant COUNTRY INN MOTEL

Dated: March ___, 2006

_____
Defendant LAURIE GRETZ-TINKER, JULIE MACEY, LINDA MAHER, AND JAMES GRETZ dba C & G PARTNERS

Dated: April 14, 2006

_____
Defendant CESANO, INC.

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Consent Decree as to Country Inn: Case No. C05-2113 RMW — 8 —

APPROVED AS TO FORM:

Dated: April 14, 2006

PAUL L. REIN
PATRICIA BARBOSA
JULIE MCLEAN
LAW OFFICES OF PAUL L. REIN

_____
Attorneys for Plaintiff
ANDI MILLARD

Dated: April 14, 2006

JOHN S. SIMONSON, Esq.
ROPERS, MAJESKI, KOHN & BENTLEY

_____
Attorneys for Defendants
COUNTRY INN MOTEL; LAURIE GRETZ-TINKER, JULIE MACEY, LINDA MAHER AND JAMES GRETZ dba C & G PARTNERS; CESANO INC.

### ORDER

Pursuant to stipulation, and for good cause shown, **IT IS SO ORDERED.**

Dated: 5|11, 2005

_____
Hon. Ronald M. Whyte
United States District Judge

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Consent Decree as to Country Inn:
Case No. C05-2113 RMW

— 9 —

**Attachment A to Consent Decree and Order re: Country Inn Only**
**Andi Millard v. Comfort Inn, et al.**
**CASE NO. C05-2113 RMW**
Page 1 of 1

The following injunctive relief is agreed upon between the parties as resolution to plaintiff's claims for injunctive relief as set forth in the First Amended Complaint filed on June 10, 2005. All corrective work will be performed in compliance with the standards and specifications for disabled access as set forth in the California Code of Regulations, Title 24-2 and Americans with Disabilities Act Accessibility Guidelines, unless other standards are specifically agreed to.

1. Parking: Defendants will provide two code-compliant accessible parking spaces, one of which must be configured and designated "van accessible," and the spaces must have the required unloading zone as well as a code-compliant path of travel to the lobby entrance.

2. Exterior Paths of Travel: The path of travel from the parking to the steps in front of the lobby is not code-compliant as it is contains excessive slopes as well as vertical changes in elevation in the walkway in excess of the ½" permitted by the code. The path of travel from the public sidewalk to the steps in front of the lobby also contains excessive slopes and vertical changes in level. Additionally, there are steps to enter the lobby. Defendants will install a ramp into the lobby and remedy the path of travel problems. *In addition, the path of travel shall connect the guestrooms to the drink machines, ice machines, and the other amenities on the site.* (FLt)

3. Lobby/Night Window: Defendants will provide a lowered portion of both of the check-in counters (the night window and the lobby counter), no more than 34" high, and at least 36" long. *or a fold down shelf of these dimensions.* (PrP)

4. Guestrooms: There are currently no accessible guestrooms. Defendants will provide two fully accessible guestrooms, including accessible restrooms. At least one of the accessible guestrooms will include an accessible kitchenette. *At least one of the accessible rooms shall include a roll-in shower.* (PrP)

5. Path of Travel to Guestrooms: In addition to having an accessible path of travel to the lobby, defendants will also ensure an accessible, code-compliant path of travel to the accessible guestrooms from the accessible parking and from the lobby.